IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Kimmel,                  :
            Petitioner        :
                                      :
        v.                         :     No. 1552 C.D. 2022
                                      :
Department of Human Services,     :     Submitted: April 13, 2026
            Respondent     :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE STELLA M. TSAI, Judge

OPINION
BY JUDGE McCULLOUGH                       FILED: May 18, 2026

Richard Kimmel (Petitioner), proceeding *pro se*, petitions for review of the October 21, 2022 order entered by the Department of Human Services (Department), Bureau of Hearings and Appeals (BHA), that affirmed the September 26, 2022 adjudication of an administrative law judge (ALJ) concerning Petitioner's request for medical and long-term care assistance (MA/LTC).[1] The ALJ presided over Petitioner's appeal from a decision of the Erie County Assistance Office (CAO) denying his September 16, 2021 application seeking benefits. After careful review, we affirm.

## Background

The relevant facts and procedural history of this case are as follows. Petitioner is a resident of Twinbrook Healthcare and Rehabilitation Center (Twinbrook), a LTC nursing facility located in Erie, Pennsylvania. Petitioner has been

---

[1] Pennsylvania's MA program "is a state plan for funding the provision of medical care and services to individuals in need of government aid, conducted with the assistance of federal funding and subject to extensive federal regulation." *Department of Public Welfare v. Presbyterian Medical Center of Oakmont*, 877 A.2d 419, 420 (Pa. 2005).

a resident of the facility since May of 2021, and on September 16, 2021, he filed an application (Application) with the CAO seeking MA/LTC assistance with an effective date of June 1, 2021. The Application designated K.R. and B.P., his daughter and a business office manager at Twinbrook, respectively, as his representatives (collectively, Petitioner's Representatives). On September 20, 2021, the CAO mailed Petitioner a request seeking additional information necessary to determine his eligibility for benefits, setting a due date of October 2, 2021, for submitting the documents. Because Petitioner did not provide the CAO with the requested information by the due date, it denied his Application on October 15, 2021. (Certified Record (C.R.) at 283.)

Petitioner appealed the CAO's decision and the ALJ held a hearing on the matter on January 6, 2022. During the hearing, the parties entered into a stipulated agreement (Agreement) wherein Petitioner's Representatives agreed to provide the CAO with certain information by February 11, 2022, including:

> [The] source of a $3,473.66 deposit into a KeyBank checking account ending in #2592 from an unknown account ending in #5032- this account will need proof of ownership[.] [I]f [Petitioner] is the owner, provide proof of [the] past five years of bank statements from July and December 2016, 2017, 2018, and January 2019 through December 31, 2021; source of a $5,000 deposit into Community Bank checking account ending in #7827 on November 5, 2020[.]

(C.R. at 29, 283.) The Agreement further provided that, upon its receipt of this information, the CAO would redetermine Petitioner's MA/LTC eligibility with an effective date of June 1, 2021, by February 25, 2022. The Agreement also stated that, if Petitioner's Representatives failed to provide the information by the due date, the original denial would stand. (C.R. at 29.)

On February 11, 2022, K.R. submitted a 19-page handwritten letter to the CAO that did not identify the source of the $3,473.66 checking account deposit. With respect to the $5,000.00 deposit, K.R. indicated "unknown source of deposit-[Petitioner] said [his girlfriend] gave him this money for her 1/2 of car purchase." (C.R. at 101.) K.R. did not provide any accompanying documentation to support this statement. On March 25, 2022, K.R. sent the CAO a copy of the $5,000.00 check, after the February 11, 2022 deadline had passed. (C.R. at 374.)

On April 15, 2022, Petitioner's Representatives filed a dispute challenging the outcome of the Agreement, that is, the denial of benefits. They also filed a new application seeking MA/LTC benefits, which the CAO denied because it had not received the information necessary to determine Petitioner's eligibility. Petitioner's Representatives appealed.

The ALJ conducted a hearing on both appeals on June 16, 2022, at which he heard testimony from Alison Waldinger and Stephen Brett from the CAO, and K.R. on behalf of Petitioner. Ms. Waldinger testified that although Petitioner's Representatives did provide proof of the source of the $5,000.00 bank account deposit by submitting a copy of the check to the CAO, they did not submit this documentation until March 25, 2022, after the February 11, 2022 deadline set by the Agreement had passed. (C.R. at 374, 377.) Ms. Waldinger explained that the handwritten letter K.R. submitted on the deadline date was not sufficient to identify the source of the deposit because the CAO: "[n]eeded to know where this money came from, and we did not get where this money came from. All we got was the opening balance, $5,000, unknown source of deposit." (C.R. at 380.)

Mr. Brett testified that K.R.'s letter was essentially "a restatement of what was already said during the [January] hearing, but we didn't get the actual copy of the

3

check [] until March." (C.R. at 381.)  Mr. Brett indicated that K.R. had already been advised "what she provided wasn't sufficient, and then she provided the same thing over again.  So, I don't know why you would think that would now be sufficient if we didn't accept it the first time."  (C.R. at 392-93.)  He also indicated that although he "still [didn't] feel like the original [Agreement] was met," the CAO did approve a subsequent application Petitioner filed, and moved Petitioner's eligibility date forward to November as a penalty.  (C.R. at 386, 389.)

K.R. testified that because of the delay in Petitioner's eligibility status, he did not receive MA/LTC benefits from June 1, 2021, until October 31, 2021, and that several bills accrued during this time period remained outstanding.  (C.R. at 383.)  Regarding the parties' Agreement, K.R. testified to her understanding that if she was unable to provide the required verifications by the due date, "a statement provided by [her was] sufficient." (C.R. at 381.)  K.R. indicated that on the February 11th due date, she complied with the Agreement by submitting the handwritten letter attaching documentation, along with her "statement as to what [she] could not provide[.]" (C.R. at 382.)  K.R. requested an order setting the effective date of Petitioner's MA/LTC benefits to June 1, 2021, to cover his outstanding medical bills.

At the conclusion of the hearing, the ALJ advised that he would keep the record open until June 23, 2022, to allow the parties to submit exhibits.  On September 26, 2022, the ALJ entered an order denying Petitioner's appeal, and explained his rationale for doing so as follows:

> . . . In her testimony, K.R. acknowledged the actual proof of the source of a $5,000 bank deposit was provided to the Department after the stipulated due date of February 11, 2022.

4

[I have] reviewed the Department's exhibit C-4 provided to the Department on February 11, 2022. The information provided by K.R. consisted only of a written statement of the source of bank deposits the Department had requested additional supporting documentation on. [Petitioner's] exhibit A-1 did contain evidence of a $5,000 deposit with a date stamp of March 25, 2022. Included in the [Petitioner's] exhibit A-1 was a written statement on the source of the $3,473.66 deposit into Key Bank checking #2592 which was identified on the written statement as "still unknown." It is clear the Department did not receive the agreed upon stipulated information by the due date of February 11, 2022, therefore, the Department was correct in not completing an MA/LTC eligibility determination by the date of February 25, 2022.

. . . .

In consideration of all information provided on behalf of [Petitioner] for his September 16, 2021 application, it is clear [Petititioner's] Representatives did not provide all requested information by the established deadlines. Therefore, I find the Department correctly denied the MA/LTC application submitted on September 16, 2021 for failure to provide information.

(C.R. at 294.)

Petitioner appealed the ALJ's determination to the BHA, which entered its final order affirming the decision on October 21, 2022. Petitioner filed a motion for reconsideration, which the Department denied on November 17, 2022. This petition for review followed.

**Analysis**[2]

---

[2] "Our review requires that we determine whether [the Department's] adjudication comports with the applicable law, whether its findings are supported by substantial evidence, and whether any constitutional rights were violated." *Brenckman v. Department of Human Services*, 222 A.3d 38, 42 n.7 (Pa. Cmwlth. 2019).

On appeal, Petitioner challenges the CAO's denial of his application for MA/LTC assistance where Petitioner's Representatives provided all of the information necessary to determine his eligibility, and, to the extent there were any gaps, K.R.'s "self-attestation for missing items" constituted sufficient proof. (Petitioner's Amended Br., at 1.)[3] Petitioner additionally maintains that the date of his eligibility for benefits should be changed to "retroactively pay[] all of [his] outstanding MA bills." *Id.*[4]

We begin by observing that "[a]lthough there is no constitutional right to receive public assistance, a person who is medically needy is statutorily eligible for MA." *Perna ex rel. Bekus v. Department of Public Welfare*, 807 A.2d 310, 313 (Pa. Cmwlth. 2002). Our legislature has a legitimate interest in allocating scarce social welfare resources to those considered most needy, and it is well settled that the burden of establishing eligibility for assistance rests with the applicant. *Id.*

Under the state MA program, the Department of Public Welfare pays for various medical services, including LTC nursing facility services provided to those residing in institutional settings. *Eastwood Nursing & Rehabilitation Center v. Department of Public Welfare*, 910 A.2d 134, 136–37 (Pa. Cmwlth. 2006). While the state provides these services, "[MA] benefits are restricted to those whose income and resources are not sufficient to meet their necessary medical costs," as the government "is the payor of last resort." *Novitsky v. Department of Public Welfare*, 42 A.3d 1165, 1168 (Pa. Cmwlth. 2012).

---

[3] Because Petitioner's brief is not paginated, our citations to it reflect electronic pagination. We also note that the Department has not filed an appellate brief in this Court.

[4] In considering Petitioner's argument, we are mindful that "the allegations of a *pro se* complainant are held to a less stringent standard than that applied to pleadings filed by attorneys." *Donahue v. PA Department of Human Services*, 347 A.3d 96, 101 (Pa. Cmwlth. 2025).

In that vein, "[t]o establish eligibility for MA/LTC benefits, an applicant must verify that his or her resources fall below the applicable MA/LTC resource limit. 55 Pa. Code § 178.1(a)." *Schell v. Department of Public Welfare*, 80 A.3d 844, 848 (Pa. Cmwlth. 2013).[5]  A "resource" is defined as "[r]eal or personal property which a person has or can make available for partial or total support, including equitable interests and partial interests." 55 Pa. Code § 178.2.  Section 178.3 of the Code governs resource reporting and verification for all categories of MA and provides in relevant part:

> Verification of ownership, the value of resources and the disposition of resources is required of an applicant/recipient or the person acting on his behalf including, but not limited to, guardians and trustees.
>
> (1) An applicant/recipient shall report and provide verification of his resources including information about sources of third-party liability.
>
> (2) A person who is applying on behalf of an applicant/recipient including a guardian and trustee shall report and provide verification of the applicant's/recipient's resources.
>
> \*   \*   \*
>
> (7) The value of personal property **shall be verified by documentation appropriate for the type of property**. Verification by documentation includes, but is not limited to:

---

[5] Section 178.1(a) of the Pennsylvania Administrative Code (Code), provides that "[a]n applicant/recipient is resource eligible for MA if his total resources considered in determining resource eligibility do not exceed the MA resource limit [] for the appropriate MA Program." 55 Pa. Code § 178.1(a).

(i) A written estimate of the [fair market value] of a motor vehicle from a car dealer.

(ii) A statement from a representative of a cemetery or memorial garden verifying ownership of a burial resource, conditions of resale and value.

(iii) Titles of ownership.

(iv) **Written statements from financial institutions**.

55 Pa. Code § 178.3(1)-(2), (7)(i)-(iv) (emphasis added).

Similarly, Section 205.3 of the Code outlines the verification process in all public assistance cases and provides in pertinent part:

(a) The verification process. The verification process will conform with the following:

(1) **The verification of resources, or the lack of them, will be one of the essential steps in the process of establishing eligibility for public assistance. The supplying of information about resources to prove need will be the responsibility of the person applying for or receiving assistance.**

(2) Establishing a large portion of the proof during the application process will be routine. **The applicant will present documentary evidence** such as birth certificates, rent receipts, deeds, insurance policies, pay envelopes and the like. However, the necessity of substantiating other facts will often enter into the process and the worker must then decide what sort of proof must be produced, by whom, and in what manner it is to be proved.

55 Pa. Code § 205.3(a)(1)-(2) (emphasis added). Thus, these regulations reflect that verification of all of an applicant's available resources is a fundamental part of the process, and the burden to establish eligibility with documentary proof rests squarely on the applicant.

8

In the instant case, upon receipt of Petitioner's application seeking MA/LTC benefits, the CAO requested that he provide additional information in order to accurately assess his eligibility for assistance. When Petitioner did not provide the requisite documents by the initial deadline, the parties negotiated the Agreement setting a February 11, 2022 deadline for the submission of materials including the source of two deposits, and providing the consequence for failure to comply with this deadline, *i.e.*, denial of the Application. Despite this agreed-upon path to approval, Petitioner's Representatives did not submit any documentary proof of the source of the two bank account deposits by the deadline. Instead, K.R. provided a handwritten "self-attestation" indicating that Petitioner's girlfriend provided the $5,000.00 deposit, and no explanation as to the source of the second deposit. Although K.R. eventually provided the CAO with a copy of the $5,000.00 check to substantiate the source of the deposit, she did not provide similar verification for the second deposit.

Based on the foregoing, we cannot conclude that the Department erred in denying Petitioner's Application and declining to retroactively extend his benefits to June of 2021. In reaching this conclusion, we emphasize that the applicable regulatory scheme highlights the importance of the verification process in assessing an applicant's eligibility for public assistance, that the applicant bears the burden of establishing the required financial need, and that the government "is the payor of last resort," only when an applicant's resources cannot meet his demonstrated need. *See Novitsky*, 42 A.3d at 1168. Accordingly, we affirm the BHA's order affirming the decision of the ALJ.

_____
PATRICIA A. McCULLOUGH, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Kimmel,                          :
               Petitioner              :
                                     :
             v.                          :   No. 1552 C.D. 2022
                                       :
Department of Human Services,            :
               Respondent            :

## *__ORDER__*

AND NOW, this 18th day of May, 2026, the October 21, 2022 order of the Department of Human Services is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge